IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-02371-PSF-OES

FAYE A. CARTER,

    Plaintiff,

v.

CIGNA HEALTH CORPORATION;
CIGNA HEALTHCARE
CONNECTICUT GENERAL LIFE INSURANCE COMPANY; and
ORACLE CORPORATION,

    Defendants.

## ORDER SETTING CASE MANAGEMENT CONFERENCE UNDER F.R.CIV.P. 16

THIS MATTER comes before the Court upon a Complaint filed by the plaintiff seeking to recover benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), particularly 29 U.S.C. § 1132(a)(1)(B) and (e). In light thereof, a scheduling conference pursuant to F.R.Civ.P. 16(a) and D.C.COLO.LCivR 16.1 is necessary. It is, therefore,

    ORDERED:

    1.    A scheduling conference is set for **January 9, 2006 at 8:30 a.m.**, in Courtroom A602 of the United States Courthouse located at 901 19th Street, Denver, Colorado. The parties **shall not** prepare or submit a proposed scheduling order; however, consistent with D.C.COLO.LCivR 16.1, lead counsel shall attend the conference.

2. At least 10 days prior to the scheduling conference, the parties shall stipulate to and file all pertinent ERISA plan documents including summary plan descriptions. At the conference, the parties shall be prepared to address all applicable provisions in the plan documents.

3. At the scheduling conference, the parties shall be prepared to address the following:

(a) Standard of Review:

- Do the plan documents confer discretion upon the plan administrator to interpret the plan?

- Is this Court's review of the plan administrator's decision *de novo* or under an arbitrary and capricious standard?

- If under an arbitrary and capricious standard requiring deference to the plan administrator, is there a "conflict of interest" or other "procedural irregularity" that requires the Court to "slide along the scale" with respect to the amount of deference, as required under *Fought v. Unum*, 379 F.3d 997, 1006-07 (10th Cir. 2004).

(b) Administrative Record:

- What documents comprise the administrative record?

- How much time do the parties need to compile and submit the administrative record?

(c) Discovery:

- Does the claimant contend that the plan administrator had a conflict of interest in administering the plan? If so, are there facts in dispute concerning this issue?

- Is there a need for discovery? If so, as to what issues?

(d) Any other issues enumerated in F.R.Civ.P. 16(c).

4. Since the first scheduling conference may be set before the defendant has been served or has appeared in the case, counsel for the plaintiff is responsible for notifying the defendant of the setting of the first Rule 16(b) Conference. If plaintiff's counsel is unable to notify the defendant, then plaintiff's counsel shall, at least five (5) working days prior to the scheduled Rule 16(b) Conference, so notify the Court so that the conference can be rescheduled. Counsel shall comply with the Instructions for Preparation of Scheduling Order (*see* Appendix F of the Local Rules of Practice in the United States District Court for the District of Colorado). Copies of the Local Rules are available under the "Local Rules" button at http://www.cod.uscourts.gov and from the Clerk of the Court.

DATED: December 1, 2005.

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge